IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TOMAS D. CUESTA, SR,

                      Petitioner,                      ORDER

    v.

                                                       10-cv-107-slc

STATE OF WISCONSIN and
WILLIAM POLLARD, Warden,
Green Bay Correctional Facility,

                      Respondents.

---

Tomas D. Cuesta, Sr., an inmate at the Green Bay Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has not paid the $5 filing fee. He has filed a motion requesting an order directing officials at the institution to pay the filing fee from his release account funds.

The use of release account funds is governed by state law. *See* Wis. Admin. Code § DOC 309.466. According to § 309.466(2), "[r]elease account funds may not be disbursed for any reason until the inmate is released to field supervision, except to purchase adequate clothing for release and for out-of-state release transportation." Although it is true that in rare instances the supremacy clause of the United States Constitution requires state law to give way to a competing federal law, petitioner is not subject to the 1996 Prison Litigation Reform Act and there is no other federal law that would require state officials to give him money from his release account to prepay a habeas filing fee. Therefore, this court has no authority to direct prison officials to allow plaintiff access to his release account funds at this time.

Accordingly, to proceed on his habeas petition, petitioner must either pay the $5 filing fee or seek leave to proceed *in forma pauperis*. If he seeks indigent status, he must support his request with a trust account fund statement covering the six-month period preceding the filing

of this lawsuit. In determining whether to allow a habeas petitioner to proceed *in forma pauperis*, this court uses the following formula. First, the court determines petitioner's average monthly deposits and his average monthly balances for the six-month period mentioned above. If 20% of the greater of these two figures is $5 or more, the petitioner is not eligible for indigent status and will have to prepay all of the $5 filing fee. If 20% of the greater of these two figures is less than $5, he will be required to prepay whatever portion less than $5 has been calculated. Knowing this formula, petitioner should be able to determine whether he will qualify to proceed *in forma pauperis* or whether he should simply pay the filing fee.

## ORDER

IT IS ORDERED that petitioner's motion requesting an order directing payment of his filing fee from his release account funds is DENIED. Petitioner has until April 16, 2010, in which to submit either the $5 filing fee or an application for leave to proceed *in forma pauperis*. If petitioner does not have sufficient funds in his regular account to pay the $5 filing fee and does not think he will qualify for pauper status, he may request an enlargement of time to make the payment.

Entered this 17th day of March, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge